HEARD, Judge.
This is a tort action arising out of a collision on September 15, 1969 between a 1967 Ford truck and a 1955 Chevrolet car.
Fermon D. Jones was driving the truck in a westerly direction on Hollywood Street in Shreveport. Hollywood is a four lane street. Jones came to a stop in the left lane and the truck was struck from the rear by the car. The car was driven by Florence J. Kelly whose liability insurer was Dixie Auto Insurance Company.
Judgment was rendered in favor of Fer-mon D. Jones against Dixie Auto Insurance Company and Florence J. Kelly, in solido, in the sum of $5,000. From this adverse judgment defendants appealed.
Appellants specify as error the following: (1) the District Court erred in failing to find plaintiff guilty of contributory negligence, and (2) in finding that plaintiff sustained his claim by the requisite preponderance of the evidence.
There is no evidence to sustain a finding of contributory negligence on the part of Jones. It is clear that this accident was caused solely through the negligence of Florence J. Kelly.
Appellants’ second specification of error is based on the fact that eight days after this accident, Jones was involved in a similar accident. He saw no physician after this first accident and continued to work from 4:30 A.M. to 9:00 P.M. daily in the freight business. After the second accident, Jones sought medical attention and was hospitalized and treated. Jones received $5,000 as settlement for the injuries received in the second accident.
Appellants assert that Jones should receive nothing from the first accident as he proved no injuries attributable to the accident. Their basis for this assertion is that the doctors who testified could not state exactly how much the first and second accidents contributed to Jones’ total injury. *111 In the alternative, appellants assert the award should he decreased as it is excessive.
Three physicians testified in this case. Dr. James L. Zum Brunnen was the primary treating physician, and testified as follows:
“Q. In your opinion, doctor, did the accident of September 15 — I am referring to the first accident given you in history — either aggravate or accelerate this pre-existing spondylo-listhesis ?
“A. Well, I felt that it aggravated his pre-existing condition.”
This uncontradicted medical opinion sufficiently proves that Jones sustained injury in the first accident, and he should be compensated for this injury. The mere fact that the treating physician cannot state an exact percentage of injury from an accident does not deprive a plaintiff of compensation.
We do feel, however, that the award of $5,000 is so excessive as to amount to an abuse of discretion on the part of the trial judge. LSA-C.C. Art. 1934(3). This first accident caused very little damage to the rear of the truck. Jones sought no medical attention after the first accident and continued to do arduous work from 4:30 A.M. to 9:00 P.M. daily. This is not the conduct of a man who has had a severe back injury. Jones should be neither penalized nor aided by virtue of the second accident. We believe that all of the facts indicate the first accident resulted in minor aggravation of his pre-ex-isting condition. For this reason, the judgment is amended to award Fermon D. Jones $2,500 instead of $5,000.
In all other respects the judgment is affirmed.
Costs are to be borne by appellants, Florence J. Kelly and Dixie Auto Insurance Company.